# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION, COLUMBUS

| | | |
|---|---|---|
| **DriveTime Car Sales Company, LLC,** | : | |
| | : | **Case No. 2:17-cv-00371** |
| Plaintiff, | : | |
| | : | Judge George C. Smith |
| v. | : | Magistrate Judge Chelsey Vascura |
| | : | |
| **Bryan Pettigrew, et al.,** | : | |
| | : | |
| Defendants. | : | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff DriveTime Car Sales Company, LLC and Defendants Bryan Pettigrew ("Defendant Pettigrew") and Pauley Motor Car Co. Preowned Vehicles, LLC ("Defendant Pauley") through their respective attorneys of record, respectfully move this Court to enter a Protective Order in this case. In accordance with Fed. R. Civ. P. 26(c)(1)(G), all parties met and conferred regarding the subject of this joint motion.

The proposed Stipulated Protective Order is attached.

Respectfully submitted,

/s/*Jonathan R. Secrest*
Jonathan R. Secrest (0075445)
David A. Lockshaw, Jr. (0082403)
Dickinson Wright PLLC
150 East Gay St. 24th Floor
Columbus, OH 43215
*Attorney for Plaintiff*
*DriveTime Car Sales Company, LLC*

/s/*Theresa L. Nelson*
Theresa L. Nelson (0072521)
Strauss & Troy, LPA
The Federal Reserve Building
150 E. Fourth Street, 4th floor
Cincinnati, Ohio 45202-4018
*Attorney for Defendant Bryan Pettigrew*

/s/*J. Kevin West*
John Kevin West (0091520)
Alana Valle Tanoury (0092265)
Steptoe & Johnson PLLC
41 S. High Street, Suite 2200
Columbus, OH 43215
*Counsel for Pauley Motor Car Co. Preowned*
*Vehicles, LLC*

# STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff DriveTime Car Sales Company, LLC and Defendants Bryan Pettigrew ("Defendant Pettigrew") and Pauley Motor Car Co. Preowned Vehicles, LLC ("Defendant Pauley") (collectively "Defendants"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Pettigrew.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" or "Confidential-Attorneys' Eyes Only."

3. Any party filing any document under seal must comply with the requirements of Civil Local Rule 5.2.1. Nothing in this Agreed Protective Order shall be construed to authorize a party to file anything designated "Confidential" or "Confidential-Attorneys' Eyes Only" under seal. A party who wishes to file a pleading, motion or other paper or thing and/or submit a document for which confidential treatment is designated, "Confidential" or "Confidential-Attorneys' Eyes Only" during the adjudication of this matter ("filings") shall first file a motion to file under seal. The motion to file under seal shall set forth all reasons and bases as to why certain documents, materials and/or portions thereof should be sealed. The Court shall determine

if filing under seal, in whole or in part, is justified and shall set forth specific findings and conclusions authorizing the party to file under seal only to the extent necessary. Any filings ordered under seal shall be kept sealed until the further Order of this Court; however, such filings shall continue to be available to the Court and to such persons permitted access to such filings under this Agreed Protective Order.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential-Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person or entity, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential" or "Confidential-Attorneys' Eyes Only", any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" or "Confidential-Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) experts specifically retained as consultants or expert witnesses in connection

with this litigation; and (g) any individual(s) engaged as mediators.

6. As used in this Protective Order the term "Confidential-Attorneys' Eyes Only" means any document or information supplied in any form, or any portion thereof, which the producing party or non-party reasonably believes to be so competitively sensitive that its disclosure to existing or potential business competitors would materially affect the business, commercial, or financial interest of the producing party or non-party. Any document, transcript or pleading given "Confidential-Attorneys' Eyes Only" treatment under this Order may not be disclosed to any person other than: (a) the Court and its officers; and (b) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation.

7. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing the same to any person except as provided herein, and are further enjoined from using the same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" (if this designation should happen to appear on any materials produced).

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the

designation of any information, document, or the like as "Confidential" or "Confidential-Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroyed provided that upon request an affidavit of destruction of provided.

12. Nothing in this Order shall be deemed a waiver of any party's right to object to the producing party's designation of an item as "Confidential" or "Confidential-Attorneys' Eyes Only" and to seek an order lifting the requirements of this Agreed Protective Order for each such item to which an objection to confidentiality has been made. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 37.1. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential-Attorneys' Eyes Only" subject to the provisions of this Protective Order.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED.

Dated: March 21, 2018

/s/ Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the foregoing Stipulated Protective Order agreed to by the parties in the case of *DriveTime Car Sales, LLC v. Bryan Pettigrew, et al.*; Case No.: 2:17-cv-0037, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity, except in strict compliance with the provisions of this Order. I agree to submit to the personal jurisdiction of United States District Court for the Southern District Ohio, Eastern Division in any action or proceeding brought to enforce the terms of the Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____